IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ORVEL WINSTON LLOYD | : | |
| Petitioner | : | |
| v. | : | Civil Action No. AMD-05-2744 |
| KATHY GRANT, *et al.* | : | |
| Respondents | : | |

..o0o..

MEMORANDUM

This request for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241 on October 3, 2005, alleges that petitioner was not released from the Maryland Division of Correction in a timely manner. Paper No. 1. On October 17, 2005, this court issued an order to show cause. Paper No. 3. Respondents filed an answer on November 14, 2005 (Paper No. 4), and petitioner has filed opposing memoranda (Papers No. 6, 7, and 8). Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the petition for writ of habeas corpus shall be denied.

On August 24, 1978, petitioner was sentenced in the Circuit Court for Prince George's County, Maryland, to serve 20 years for robbery with a deadly weapon and 15 years consecutive for a related hand gun violation.[1] Paper No. 1. Petitioner remained in the custody of the Maryland Division of Correction until February 5, 1980. Paper No. 4. From February 6, 1980, to February 17, 1988, petitioner was in the custody of the Florida Department of Correction serving a sentence for

---

[1] Petitioner was to be provided with 128 days credit for pre-trial incarceration. That time was not reflected in the starting date of his sentence until March 18, 1988, when a new commitment record was issued reflecting a starting date of April 18, 1978. Petitioner's sentence was also changed to a term of 30 years (reduced from 35 years) on the 1988 commitment record.

crimes committed there. Paper No. 1 and 4.

Petitioner returned to the custody of the Maryland Division of Correction on February 18, 1988. He began efforts to have applied to his Maryland term of confinement all diminution credits earned while he was serving his concurrent Florida sentence . On May 21, 1996, the Circuit Court for Prince Georges County issued an order requiring application of diminution of confinement credits earned by petitioner from November 7, 1979, through February 18, 1988. In 1999, petitioner filed a subsequent petition for writ of habeas corpus in the circuit court, claiming that the Maryland Division of Correction was not complying with the 1996 order. The circuit court denied the petition, finding that petitioner was not entitled to all credits earned under Florida law, but only to credits permitted under Maryland law.

On November 16, 2000, petitioner was paroled by the Maryland Parole Commission and returned to Florida for service of a sentence there. At the time of his parole, his mandatory release date on the Maryland conviction was April 26, 2001. The maximum expiration date of petitioner's Maryland sentence, which remains unchanged by diminution of confinement credits, was April 18, 2008. On November 10, 2004, the Maryland Parole Commission lodged a parole violation detainer with the Florida Department of Correction. Petitioner contends that the detainer is improper because: all of the diminution of confinement credits to which he was entitled were not applied to this Maryland sentence; he served more time than required by law; and he should no longer be required to serve more time on the Maryland term of confinement.

Preliminarily, the court observes that Lloyd filed this petition pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254 . The only jurisdictional difference between § 2241 and § 2254 is that § 2254 only encompasses state-convicted persons, whereas § 2241 encompasses all persons in custody. *See*

2

28 U.S.C. §§ 2241 & 2254; *see also Felker v. Turpin*, 518 U.S. 651, 658-63 (1996). The instant petition is subject to the one year limitation provision of 28 U.S.C. § 2244(d)[2]. That period begins to run,

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

The factual predicate for the claim asserted in the instant case became clear with the issuance of the August 30, 1999, order denying petitioner's claim that he was not receiving all of the diminution of confinement credits to which he claimed he was entitled. At that point, petitioner knew or should have known that he was not going to receive the benefit of diminution credits earned under Florida law while he was in Florida custody serving concurrent Florida and Maryland sentences. Thus, assuming petitioner properly exhausted this claim by pursuing any right to an appeal, he had one year from August 30, 1999, to file a federal habeas corpus petition. This case, however, has been filed approximately 5 years beyond the one-year deadline and thus is time-barred.

To the extent that petitioner is challenging the authority of the Maryland Parole Commission

---

[2] The United States District Court for the Middle District of North Carolina has issued a decision which discusses the application of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C § 2244(d) one-year limitation provision to § 2241 petitions. *See McLean v. Smith*, 193 F.Supp.2d 867, 871-72 (M.D. N.C. 2002). However, the Fourth Circuit has not published an opinion on the issue. *See Copson v. Virginia Parole Bd.*, 2000 WL 1283046 (4th Cir., Sept. 12, 2000).

to lodge a detainer against him for parole violation, such challenge is subject to dismissal because it has yet to be presented at a parole revocation proceeding.  At most, there is only a possibility that petitioner will be required to serve the remainder of his Maryland sentence.  In the event his parole is revoked, he may avail himself of any appropriate appellate procedures before seeking relief here.

     A separate order follows.


Filed: January 10, 2006                                 ___/s/_____
                                                                               Andre M. Davis
                                                                               United States District Judge